involved. The plaintiff claimed his injuries were caused by his being struck by a truck of the defendant while he was crossing a city street. The defendant claimed the plaintiff was not struck by the truck, but that he fell while crossing the street and his injuries were caused by such fall. The plaintiff moved the court to give binding instructions in his favor, and the question involved is whether the plaintiff's proofs necessitated the submission of the case to the jury. We think it would have been error in court had it given binding instructions in favor of the defendant. In support of that view, we need only quote the testimony of the plaintiff, which was

"A. The semaphore was closed against traffic on Thirteenth Street, and I started across Thirteenth Street, got almost to the rail, and I heard a woman scream, and this truck struck me on the side, knocked me down, and that is all that I know about it.

"Q. Now, before you started to go across the street did you look down Thirteenth Street? A. Oh, yes, and saw the semaphore closed.

"Q. And was there any traffic going north on Thirteenth Street? A. No, not a thing.

"Q. Do you know where this truck came from that hit you? A. Came around the corner.

"Q. And how do you know that? A. I don't know that; I saw the semaphore closed. * * *

"By the Court: Q. As far as you saw it, you didn't see the truck? A. Not until it hit me."

While the defendant produced several witnesses to the contrary, it is clear that it was for the jury to decide on which side the truth lay. Finding no error, the judgment entered on such verdict is affirmed.

N. J. Curtis, of Ridgwood, N. J., for appellant.

Geo. G. Tennant, of Jersey City, N. J., for appellees.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMPSON, District Judge.

PER CURIAM.

It appearing in this matter that a final decree was entered in the case, we are of opinion, after argument and due consideration had, that the appropriate remedy in such case is an appeal and not a mandamus. The petition for the latter relief is therefore denied.

## CURTIS v. AMERICAN TELEPHONE & TELEGRAPH CO. et al.
### No. 4194.

Circuit Court of Appeals, Third Circuit.
Feb. 13, 1930.

N. J. Curtis, of Ridgwood, N. J., in pro per.

Geo. G. Tennant, of Jersey City, N. J., for respondent.

## CURTIS v. PARAMOUNT FAMOUS LASKY CORPORATION et al.
### No. 4193.

Circuit Court of Appeals, Third Circuit.
Feb. 13, 1930.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMPSON, District Judge.

PER CURIAM.

It appearing in this matter that a final decree was entered in the case, we are of opinion, after argument and due consideration had, that the appropriate remedy in such case is an appeal and not a mandamus.

The petition for the latter relief is therefore denied.

**BRAUN et al. v. LEWELLYN, Formerly Collector of Internal Revenue.**

No. 6054.

District Court, W. D. Pennsylvania.
Jan. 31, 1930.

Smith, Shaw, McClay & Seifert, of Pittsburgh, Pa., for plaintiffs.

Jno. A. McCann, Sp. Atty., of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action to recover estate taxes imposed by the Revenue Act of 1918, alleged to have been illegally collected by the defendant as collector of internal revenue. A jury trial was waived and the case heard by the court.

On the pleadings and proofs, we make the following findings of fact:

The plaintiffs are executors of the last will and testament of Thomas H. Given, deceased, late of the city of Pittsburgh, Pa., who died June 28, 1919, possessed of an estate subject to federal estate tax under the provisions of the Revenue Act of 1918.

The plaintiffs filed an estate tax return disclosing a net taxable estate in the sum of $3,944,439.02, and a tax due on the transfer to the legatees in the sum of $452,610.24. This tax was paid to the defendant; $115,-915.27 thereof on December 1, 1920, and $336,694.97 thereof on December 24, 1920.

On audit of this return the Commissioner of Internal Revenue found the net estate subject to tax to be $3,328,053.56, and the tax thereon due to be $353,988.57; whereupon the Commissioner refunded to the plaintiffs, at divers dates from April 18, 1923, to March 22, 1928, the sum of $98,621.67.

The plaintiffs admit tax liability on a net estate of $3,220,629.14, claiming that the estate is entitled to an allowance and deduction for administrative expenses in addition to the amounts allowed by the Commissioner in the sum of $107,424.40 made up of the following items:

Items of administration expenses claimed by the executors and not allowed by the Commissioner

Executors' Compensation paid in 1923 and 1924 from the income and not the corpus of the estate, and for which credit was claimed by plaintiffs in their income tax returns for the years 1923 and 1924, and allowed as an expense item in computing income tax for those two years ..................$100,000.00

Accountants' Compensations and expenses of Richter & Co. paid in January, 1928............ 7,678.65